UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTWAN M. GREEN,

        Plaintiff,

v.

SERGEANT S. EVANS, et al.,

        Defendants.

**REPORT and RECOMMENDATION**

21-CV-6454-EAW-MJP

---

## INTRODUCTION

**Pedersen, M.J.** All litigants—including *pro se* litigants—must comply with court orders. *Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402 (S.D.N.Y. 1996), *aff'd,* 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988). "When [a *pro se* litigant] flout[s] that obligation they, like all litigants, must suffer the consequences of their actions." *Id.* (alterations added). I do not make a recommendation of dismissal lightly. Before doing so, I provide the *pro se* litigant ample opportunity to respond.

Here, at my direction, the Clerk of the Court issued an order to show cause under Loc. R. Civ. P. 41(b) to *pro se* plaintiff Antwan M. Green ("Plaintiff") on September 27, 2023. (ECF No. 40.) My order directed him to show cause by October 27, 2023, why this case should not be dismissed under Fed. R. Civ. P. 41(b). (*Id.*) Plaintiff did not respond and two months and 27 days have passed. It has been over a year and seven months since the last time I heard from Plaintiff. I thus report and

1

recommend that the Hon. Elizabeth A. Wolford, Chief Judge, enter an order dismissing Plaintiff's case.

## BACKGROUND

Plaintiff commenced this action on June 18, 2021, against Erie County, Erie County Holding Center ("ECHC"), Sergeant S. Evans ("Evans"), Deputy C. Manns ("Manns"), Sergeant J. Gleason ("Gleason"), and Deputy Kawalek ("Kawalek") (collectively "Defendants") alleging excessive force, sexual abuse, unsanitary conditions, and violating his right to privacy. (Compl., ECF No. 1.) Specifically, he alleges that on March 24, 2021, Evans grabbed his right breast while Evans and Kawalek escorted Plaintiff to his cell. (*Id*. at 6.[1]) Plaintiff was handcuffed behind his back and once in his cell he indicated that he had to use the bathroom and asked that his handcuffs be removed. (*Id*.)

Evans then entered Plaintiff's cell, "shoved Plaintiff towards the bed," and called for the "response team." (*Id*. at 6–7.) Manns, who was part of the response team, allegedly then shoved Plaintiff's neck into the wall and also grabbed Plaintiff's genitals. (*Id*.) Evans again "aggressively" grabbed Plaintiff's right breast and tightened the handcuffs. (*Id*.) At one point Evans said "stop resisting," and Plaintiff said to "get the handcuffs off they are extremely tight." (*Id*.) Plaintiff responded that he had no circulation in his hands. (*Id*.) Evans then stated quietly to members of the response team, "let me turn my camera on." (*Id*.). Plaintiff then stated, "take me to medical. I'm hurting." (*Id*.). Evans refused and Plaintiff said he was hurting. (*Id*.).

---

[1] References to page numbers are to those automatically assigned when the case was electronically filed on CM/ECF.

2

His breast and wrists hurt. (*Id.*). Evans then said, "let's take [Plaintiff] to medical." (*Id.*)

On the way to the elevator, Manns tightened and twisted the handcuffs and bent Plaintiff's wrists. (*Id.*). Plaintiff stated that the handcuffs were too tight and hurt him. In the elevator, another deputy held the chain of the handcuffs and Manns again tightened the handcuffs. (*Id.*). Plaintiff requested that the handcuffs be loosened in the medical examination room and the staff members refused in front of a nurse. (*Id.*). The nurse examined the position of the handcuffs and asked that they be loosened. (*Id.*). Evans loosened them. (*Id.*). The nurse gave Plaintiff ice for his wrists and Plaintiff also complained about right breast and genital pain. (*Id.*).

On the way back to Plaintiff's cell, Manns tightened the handcuffs. (*Id.*). The handcuffs were removed in Plaintiff's cell and Gleason remained at the cell door, while the others made facial expresses and laughed at Plaintiff. (*Id.*). Gleason turned off the water to Plaintiff's cell and Plaintiff had to sleep with waste in the cell's toilet for 13 hours. (*Id.*). Gleason refused to turn the water back on and Plaintiff advised Gleason that he was transexual and his medication required him to drink water. (*Id.*). Gleason laughed and the water was not turned on until the following morning. (*Id.*).

Plaintiff's breast, genitals and wrists hurt the following morning. (*Id.*). He was in "horrible pain." (*Id.* at 8.). His wrist was "black and blue" and cut. (*Id.*) It hurt him to use the bathroom. (*Id.*). He put in a slip call to medical to treat his pain. (*Id.*). The next morning medical examined him and gave him Motrin for the pain. (*Id.*). He still

3

was suffering and asked to go to the hospital. (*Id.*). This request was denied by medical. (*Id.*). He dealt with the pain for two weeks. (*Id.*).

On May 25, 2021, Chief Hartman started an investigation under the Prison Rape Elimination Act ("PREA"). (*Id.*; ECF No. 1-1 (Grievances and Grievance Responses).) Plaintiff met with two deputies and provided a sexual and physical assault statement. (Compl. at 8.). Plaintiff has not heard anything further regarding the investigation, but Chief Hartman reported the allegations to the New York State Commission of Correction. (*Id.*).

During Plaintiff's visits to medical, the examination room door was left open with numerous other inmates and deputies outside the door. (*Id.* at 9.) Medical staff refused to close the door or require the other inmates to wait in the waiting area. (*Id.*). The physician(s) spoke loudly when examining Plaintiff and discussed Plaintiff's medical issues while other inmates and deputies were outside the open door. (*Id.*).

***Plaintiff fails to appear at the Rule 16 conference and fails to respond to my order to show cause.***

After screening Plaintiff's case and permitting him to proceed *in forma pauperis*, (Order, Apr. 12, 2022, ECF No. 18), Chief Judge Wolford referred this case to me for all pretrial matters. (Text Order, Sept. 1, 2022, ECF No. 24.) On September 20, 2022, I scheduled a Rule 16 conference. To facilitate the conference, I issued an order directing the parties to meet and confer under Rule 26(f). (Order, Sept. 20, 2022, ECF No. 25.) My order required the parties to file a discovery plan no later than four days prior to the Rule 16 conference. (*Id.*) I mailed the Order to Plaintiff. (*Id.*) The

4

docket entry included call-in information, which I likewise mailed to Plaintiff. (*Id.*) I scheduled the Rule 16 conference for November 2, 2022, at 9:30 a.m. (*Id.*)

Evans and Mann filed a proposed joint discovery plan (ECF No. 28), but it does not indicate whether they conferred with Plaintiff when drafting that plan. Plaintiff did not appear for the November 2, 2022, scheduling conference and I asked the Clerk of the Court to issue an order directing Plaintiff to show cause by December 2, 2022, why this case should not be dismissed under Fed. R. Civ. P. 41(b). (ECF No. 29.) The order to show cause was returned as undeliverable on December 9, 2022, as Plaintiff had apparently been released from prison and had provided the Court with a notice of change of address on June 10, 2022, that was inadvertently filed in the wrong case. (ECF No. 32; Notice of Change of Address, ECF No. 35.)

Thereafter, I rescheduled the Rule 16 conference for September 27, 2023, at 9:45 a.m. Pursuant to my Order regarding the conference, the parties were required to file a proposed joint discovery plan four days prior to the conference. (Order, Aug. 16, 2023, ECF No. 37.) I mailed the Order setting the time and place for the scheduling conference to Plaintiff at the updated address he provided in his notice of change of address. (Docket Entry on Aug. 16, 2023.) Defendants Evans and Manns filed a proposed joint discovery plan but there is no indication that Plaintiff took part in drafting it. (Discovery Plan, Sept. 12, 2023, ECF No. 39.) Plaintiff failed to appear for the scheduling conference and I again asked the Clerk of the Court to issue an order directing Plaintiff to show cause by October 27, 2023, why he failed to attend the conference. The order stated unambiguously: "Failure to comply with this order

5

will result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (Order to Show Cause, Sept. 27, 2023, ECF No. 40.) The Clerk of the Court mailed the order to show cause to Plaintiff at his updated address. (Docket Entry dated Sept. 27, 2023.) Plaintiff did not respond and such response is now approximately three months overdue.

## APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against" that defendant. "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Accordingly, Local Rule 41 authorizes me to issue an order to show cause in these circumstances:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

After I issue an order to show cause, I must still examine five factors under controlling case law. These factors are:

1. "The duration of the plaintiff's failures";

2. "Whether plaintiff had received notice that further delays would result in dismissal";

3. "Whether the defendant is likely to be prejudiced by further delay";

6

   4. "Whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process"; and

   5. "Whether the judge has adequately assessed the efficacy of lesser sanctions."

*See LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (cleaned up).[2]

## ANALYSIS

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). This case presents the former. So, I report and recommend that Plaintiff's case be dismissed after considering the five factors provided in *LeSane* and *Alvarez*.

### *The duration and notice factors favor dismissal.*

**Duration.** Here, it does not appear that Plaintiff made any efforts to move his case into discovery. Plaintiff last filed a letter on June 10, 2022, to notify the Court about his change in address. That address is currently reflected on the docket. Yet Plaintiff does not appear to have participated in crafting the submitted proposed discovery plans, failed to appear at the Rule 16 conference, and failed to respond to

---

[2] For the avoidance of confusion, I note that each of these factors is quoted at the page I cited in *LeSane*. But I have chosen a more readable way to reproduce them, opting for a single citation instead of a lengthy series of quotations with separate citations, or an unwieldy block quotation. *See* Bryan A. Garner, *Legal Writing in Plain English: A Text with Exercises* § 43 (2d ed. 2013) ("Highlight ideas with attention-getters such as bullets.").

my order to show cause. Now approximately three months have passed since the Court last tried to reach Plaintiff.

While my first order to show cause was returned as undeliverable, the second was not. I thus conclude that this three-month delay is deliberate inaction weighing in favor of dismissal. Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *Murray v. New York City Dep't of Corr.*, No. 16-CV-0676(AMD) (ST), 2016 WL 7665809, at *3 (E.D.N.Y. Dec. 23, 2016), *report and recommendation adopted* 2017 WL 87033 (Jan. 9, 2017) (recommending dismissal of case after a delay in responding to order to show cause of a little over three months); *Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *3–4 (S.D.N.Y. Jan. 22, 2001) (dismissing where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences).

Even if the delay in responding to the order to show cause were insufficient by itself, "[c]ourts have found dismissal appropriate [for delays shorter than several months] when a party has become completely inaccessible, as inaccessibility strongly suggests that [the plaintiff is] not diligently pursuing [his] claim. *Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks and citations omitted); *Christian v. Sposato*, No. 15-CV-6874 (SJF) (AKT), 2016 WL 3647869, at *2 (E.D.N.Y. Jul. 1, 2016) ("Dismissal is

8

appropriate after plaintiff has become completely inaccessible[.]"). Plaintiff appears to be receiving the Court's communications yet doing nothing as the Court is sending them to his updated address. In addition, the Court has had no contact from Plaintiff in since June 10, 2022—over a year and seven months ago. This factor weighs in favor of dismissal.

**Notice.** Because Plaintiff appears to be receiving the Court's communications, I conclude that the notice factor likewise favors dismissal. That said, the Second Circuit has indicated that *pro se* plaintiffs must receive more specific notice: at least one notice must warn the plaintiff that a failure to respond will result in dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The order to show cause met this requirement. It unambiguously warned Plaintiff that failure to respond would result in dismissal under Rule 41(b).

Even so, Plaintiff will have yet another opportunity to respond. As a Magistrate Judge, I cannot dismiss this action. Plaintiff may object to my report and recommendation. With the order to show cause and this report and recommendation, Plaintiff will have had multiple dismissal warnings. This factor therefore weighs in favor of dismissal. *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66–67 (S.D.N.Y. 1989) (finding dismissal pursuant to FRCP 41(b) proper, in part, where the court warned the plaintiffs that "their continued failure to prosecute diligently this action would result in dismissal pursuant to Fed. R. Civ. P. 41(b).")

### *I presume Defendants will be prejudiced by additional delay.*

"Prejudice to defendants resulting from unreasonable delay may be presumed . . . but in cases where the delay is more moderate or excusable, the need to show

9

actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, Plaintiff has unreasonably delayed by failing to take any actions for over a year and seven months. His last communication came to the Court on June 10, 2022. (ECF No. 35.) I have not heard from him since. Nor has my staff. I presume prejudice based this.

Further, Plaintiff's delay could result in actual prejudice to Defendants. Lapses in time compromise witnesses' availability and their ability to accurately recall relevant events. Delays also may affect the preservation of evidence. Certainly, Plaintiff's delay in conducting discovery has hindered Defendants' ability to seek a dispositive resolution of this matter. For these reasons, this factor weighs in favor of dismissal.

***On balance, the calendar congestion factor favors dismissal.***

The fourth factor requires me to balance calendar congestion and a plaintiff's right to present his case. The Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to do justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968).

But Plaintiff has failed to act for a lengthy amount of time, failed to respond to my pre-Rule 16 conference order, and failed to appear at the Rule 16 conference or respond to my order to show cause. Taken together, these failures "more than adequately establish[ ] that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016) (citation omitted).

10

Regarding due process, Plaintiff's failure to litigate this matter cannot be construed as the denial of his right to present his case. *See Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *judgment affirmed* 152 F.3d 917 (2d Cir. 1998) ("[A]ny claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Plaintiff ostensibly knew about the Rule 16 conference and order to show cause. But he did not respond. His choice not to appear is hardly a denial of due process. This factor, too, weighs in favor of dismissal.

### *I do not find that lesser sanctions would be effective.*

Lastly, it is unlikely that lesser sanctions would be effective here. Plaintiff has ignored all deadlines and orders in this case for approximately three months and has not sent any communication to me since June of 2022. His lack of engagement in this case indicates that he is not interested in progressing his case. *Ruzsa v. Rubenstein & Sendy Attys. at Law,* 520 F.3d 176, 177–178 (2d. Cir. 2008) ("In light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a lesser sanction would have proved effective in this case.") (alteration added and cleaned up). Based on this, I conclude that lesser sanctions would not be effective.

## CONCLUSION

For the foregoing reasons, I report and recommend that the Hon. Elizabeth A. Wolford, Chief Judge, dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b) for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1), I hereby

**ORDER**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections … shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

**Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated:   January 26, 2024
         Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge